**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL SOMAHKAWAHHO | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 20-6589 |
| | : | |
| COUNTY OF PHILADELPHIA, *et al.* | : | |

**MEMORANDUM**

Padova, J.                                                          **February  8, 2021**

   Plaintiff Michael Somahkawahho, a prisoner currently incarcerated at SCI-Greene, filed

this civil action pursuant to 42 U.S.C. § 1983 claiming that the calculation of his sentence violated

his civil rights.  Somahkawahho named as Defendants the County of Philadelphia; the State of

Pennsylvania; the Court of Common Pleas of Bucks County; Bucks County Assistant District

Attorney Ms. McElroy; Karl Baker and Shirley Hickman, identified as an attorneys with the

Defender Association of Philadelphia; and Jason Kadish, Esquire, an attorney with an office in

Philadelphia, Pennsylvania.  (ECF No. 1 at 2-3.)[1]  For the following reasons, the Court will grant

Somahkawahho leave to proceed *in forma pauperis* and will dismiss his Complaint.

**I.  FACTUAL ALLEGATIONS**[2]

   Somahkawahho alleges that he was convicted in the Court of Common Pleas for Bucks

County and is currently serving a sentence on that conviction.  (*Id.* at 4.)  Public records from the

Court of Common Pleas of Bucks County list several criminal matters for Somahkawahho,

including a 2013 case in which he pled *nolo contendere* to charges of rape of a child and related

---

   [1] The Court adopts the pagination assigned to Somahkawahho's submissions by the
CM/ECF docketing system.

   [2] The following allegations are taken from Somahkawahho's Complaint and documents
attached thereto, in addition to public dockets.

offenses. *See Commonwealth v. Somahkawahho*, CP-09-CR-0003066-2013 (C.P. Bucks). He was sentenced in March 2014 to not less than twenty years, and not more than forty years, of incarceration. *Id.* In 2017, Somahkawahho was granted relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") and after "a re-sentencing hearing wherein the Commonwealth [agreed it] would not invoke any applicable mandatory minimum period of incarceration," Somahkawahho was resentenced on May 3, 2017 to not less than sixteen years, nor more than forty years, of incarceration. *See Commonwealth v. M.S.*, 3242 EDA 2017, 2018 WL 3569608, at *1 (Pa. Super. Ct. July 25, 2018).[3] He filed another motion for reconsideration of sentence that was denied in September 2017, and the Pennsylvania Superior Court affirmed the judgment of sentence on appeal in July 2018. *Id.* The Supreme Court of Pennsylvania denied the petition for allowance of appeal in January 2019. *Commonwealth v. M.S.*, 201 A.3d 154 (2019) (Table).

In January 2020, Somahkawahho filed a subsequent PCRA petition which is pending in the Court of Common Pleas of Bucks County. *See Commonwealth v. Somahkawahho*, CP-09-CR-0003066-2013 (C.P. Bucks). He also filed a petition for a writ of *habeas corpus* in this court in November 2019, in which he raised issues relating to his sentence. *See Somahkawahho v. Gilmore*, Civ. A. No. 19-5233, ECF. No. 1. In May 2020, the *habeas* proceeding was stayed and held in abeyance pending resolution of the PCRA proceedings. *See id.* at ECF No. 10.

In this case, Somahkawahho claims that his due process rights were violated when an inaccurate criminal history "was used to influence the sentencing court in their sentencing

---

[3] The Pennsylvania Superior Court utilized Somahkawahho's initials in the caption of the case, reasoning that his distinct name compromised the anonymity of the child victim. *Commonwealth v. M.S.*, 3242 EDA 2017, 2018 WL 3569608, at *1 (Pa. Super. Ct. July 25, 2018).

calculation." (ECF No. 1 at 4.)[4]   Specifically, Somahkawahho alleges that his brother, John Somahkawahho (hereafter "John"), "used Plaintiff's identification and lodged an extensive record and caused prejudice on Plaintiff." (*Id.*)  In support of this contention, Somahkawahho attached to his Complaint a Criminal History Record that he alleges "was used to influence the court at which none of the cases listed is actually the Plaintiff's." (*Id.* at 4, 9-29.)  Somahkawahho asserts that in 2016, he sent letters to Defendants Kadish, Baker, and Hickman, each of whom acted as a defense attorney in criminal matters involving John, informing them that John used his name when he was arrested, at a time when Somahkawahho was already incarcerated on other matters. (*Id.* at 4, 41-43.)  He contends that the records attached to his Complaint prove that he was incarcerated at the time and could not have committed the crimes alleged. (*Id.* at 4, 44.)  Somahkawahho also claims that he notified Defendant Bucks County Assistant District Attorney McElroy at his sentencing hearing that John's lengthy record should not have been attributed to him. (*Id.* at 4 (citing N.T. 3/12/14 at 6:32-37).)[5]  He believes that "due to the court observing the extensive record it played a role in his excessive sentencing." (*Id.*)

Somahkawahho seeks to have his "name removed as an alias on the attached criminal dockets," to have his criminal record "corrected/expunged," and to be resentenced before another judge. (*Id.* at 6.)  He also requests that the Court award him punitive damages and other monetary relief it sees fit. (*Id.*)

---

[4] In the Complaint, Somahkawahho does not specify whether his claim relates to his original sentence in 2014 or his resentencing in 2017.  He merely refers to his sentence, without differentiation.

[5] Although Somahkawahho did not attach the transcript of the sentencing hearing to his Complaint, the Court will accept his assertion as true.

## II.       STANDARD OF REVIEW

The Court will grant Somahkawahho leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim upon which relief may be granted.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  Furthermore, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) (indicating that "[a]s a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint" and concluding that dismissal was inappropriate because the plaintiff's failure to exhaust was not apparent from the face of the complaint).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Because Somahkawahho is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.      DISCUSSION

Because Somahkawahho appears to raise constitutional claims based on alleged violations of his rights in connection with state criminal proceedings, his claims are best construed as claims

---

[6] However, as Somahkawahho is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court construes Somahkawahho's Complaint as alleging that his constitutional right to due process was violated when his sentence was erroneously calculated based on incorrect information presented to the state court during sentencing.  (ECF No. 1 at 6.)

A.      **Section 1983 Claim for Injunctive Relief**

To the extent Somahkawahho seeks relief from this Court in the nature of an injunction to have state authorities remove John's convictions from his criminal records, expunge or correct his criminal records, or order the state courts to resentence him, his allegations must be deemed to be an attack on his criminal sentence and his § 1983 claim cannot proceed.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, Somahkawahho's request for injunctive relief in the form of amendment of the state criminal dockets, correction and/or expungement of his criminal record, and resentencing on the matter for which he is currently incarcerated, is not cognizable in a civil rights action. Rather, if he seeks to challenge the calculation of his sentence in federal court, he must pursue that relief in a *habeas corpus* petition.  As noted, Somahkawahho has already filed such a petition, which has been stayed and held in abeyance pending resolution of his PCRA proceedings.

**B.      Section 1983 Claims for Money Damages**

**1.      Claims that are *Heck* Barred**

It is unclear from the Complaint whether Somahkawahho's allegations pertain to his sentencing in March 2014, or his resentencing in May 2017.  To the extent that Somahkawahho seeks damages based on his resentencing in May 2017, the claim is not currently cognizable in a civil rights action because success on the claim would call into question the validity of Somahkawahho's sentence.  "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck* 512 U.S. at 487.  *See also Abbott v. Pa. Dep't of Corr.*, 426 F. App'x 42, 43 (3d Cir. 2011) (per curiam) ("Under *Heck* . . . a civil-rights plaintiff cannot recover damages for harm caused by actions that implicate the length of his confinement unless he can prove that the erroneous

calculation has been reversed, invalidated, or called into question by a grant of federal habeas corpus relief.").

The Complaint and public records reflect that Somahkawahho has not yet been successful in challenging the calculation of the sentence imposed in May 2017.  Accordingly, to the extent Somahkawahho presents a claim for damages pertaining to the May 2017 resentencing, the claim must be dismissed without prejudice.  He may reassert that claim in a new civil action if his conviction is ever reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.

### 2. Claims that are Time Barred

To the extent Somahkawahho's Complaint presents a claim for constitutional violations based on his original March 2014 sentencing, that claim would not be barred by *Heck*.  As noted, public records reflect that Somahkawahho was granted relief pursuant to the PCRA and was granted a resentencing hearing wherein the Commonwealth agreed it would not invoke any applicable mandatory minimum period of incarceration.  *Commonwealth v. M.S.*, 3242 EDA 2017, 2018 WL 3569608, at *1 (Pa. Super. Ct. July 25, 2018).  *See Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014) (noting that a civil rights claim cannot be dismissed pursuant to *Heck* if the sentence was invalidated by an appropriate state tribunal); *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 345 (3d Cir. 2015) (plaintiff seeking damages for "illegal" imprisonment must satisfy the favorable termination rule if his claims are to proceed).

Nevertheless, such claim is time barred.  Pennsylvania's two-year statute of limitations period applies to Somahkawahho's claim pursuant to § 1983 for constitutional violations stemming from his March 2014 sentencing.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384,

387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989). *See also Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable, that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'") (quoting *Heck*, 512 U.S. at 489); *Smith v. Delaware Cty. Court*, 260 F. App'x 454, 455 (3d Cir. 2008) (applying Pennsylvania's two-year statutory period to plaintiff's denial of due process claim and noting that the statute of limitations begins to run from the time when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action). Here, the state court docket reflects that an Order granting PCRA relief was entered on October 12, 2016 and Somahkawahho was resentenced on May 3, 2017. *See Commonwealth v. Somahkawahho*, CP-09-CR-0003066-2013, at 13 (C.P. Bucks). According to the date of the signature on his Complaint, Somahkawahho initiated this civil action on December 14, 2020. (ECF No. 1 at 9.)[7] Thus, on the face of his Complaint, a claim for a constitutional violation based on the March 2014 sentencing is plainly time barred and will be dismissed with prejudice.

### 3.   Claims that Are Barred by the Eleventh Amendment

There are other reasons why Somahkawahho's claims fail. The claims for money damages Somahkawahho seeks to assert against the Commonwealth of Pennsylvania may not proceed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to

---

[7] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court presumes that the Complaint was delivered on the date it was executed by Somahkawahho. *See Baker v. United States*, 670 F.3d 448, 451 n.2 (3d Cir. 2012). Thus, the Court will use December 14, 2020 for purposes of calculating the timeliness of this claim.

Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. §§ 8521-22, it is immune from suits filed in federal court.

Similarly, the Bucks County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity and is not considered a "person" for purposes of § 1983.  *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity).   As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, to the extent Somahkawahho presents claims against the Bucks County Court of Common Pleas, such claims are barred by the Eleventh Amendment.

### 4.      Claims against McElroy

Additionally, prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  *See also Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (plaintiff's allegations that prosecutors "withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial" were deemed to "rest on a host of actions within the Prosecutors' duties as advocates during the judicial process" and entitled to absolute immunity) (internal citations omitted); *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992) (examples of prosecutorial activities protected by absolute immunity include soliciting false testimony from witnesses in grand jury proceedings and

probable cause hearings, and the use of the false testimony in connection with the prosecution). Here, Somahkawahho alleges that Defendant McElroy violated his due process rights by allowing a falsified record to be introduced in court. (ECF No. 1 at 6, 9-29.)

Defendant McElroy's participation in the prosecution of the case for which Somahkawahho is currently incarcerated is not clear from the state court docket. *See Commonwealth v. Somahkawahho*, CP-09-CR-0003066-2013 (C.P. Bucks). However, Somahkawahho alleges that he notified Defendant McElroy at his sentencing hearing that John's lengthy record should not have been attributed to him. (ECF No. 1 at 4 (citing N.T. 3/12/14 at 6:32-37.) The acts of which Somahkawahho complains, the presentation by Defendant McElroy of a Criminal History Record to the court during sentencing, were taken by Defendant McElroy while acting as an advocate for the Commonwealth during the judicial phase of the criminal process. Accordingly, this claim lacks a legal basis because Defendant McElroy is entitled to absolute immunity from § 1983 liability for those acts.

### 5.    Claims against Non-state Actors

Defendants Baker and Hickman, whom Somahkawahho identifies as attorneys with the Defender Association of Philadelphia (*see id.* at 1, 2, 41-42), and Defendant Kadish, identified by Somahkawahho in the Complaint as a private attorney who represented his brother (*see id.* at 1, 3, 43), are not considered state actors for purposes of § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted). In addition, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*,

184 F.3d 268, 277 (3d Cir. 1999).  Thus, Defendants Baker, Hickman, and Kadish are not state actors for purposes of § 1983 and the claims against them are dismissed for this additional reason.

### 6.  Claims against Philadelphia

Somahkawahho has also named the County of Philadelphia as a Defendant.  To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict."  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (internal quotation omitted).  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  *Id.* (internal quotation omitted).  A plaintiff demonstrates that a custom was the proximate cause of his injuries by establishing that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).  Although Somahkawahho named Philadelphia as a defendant in this action, the Complaint is devoid of any allegations about acts or omissions of the City of Philadelphia.  Because Somahkawahho did not allege any facts suggesting that a constitutional violation occurred as a result of an approved municipal policy or governmental

practice or custom, he has not alleged a plausible basis for a *Monell* claim against the City of

Philadelphia.[8]

### C.     State Law Claims

Somahkawahho uses the terms defamation of character, identity theft, and prosecutorial

misconduct in a paragraph heading in his Complaint.  (ECF No. 1 at 4.)  To the extent he uses

these terms as a basis for asserting claims under state law, because the Court has dismissed

Somahkawahho's federal claims, the Court will not exercise supplemental jurisdiction over any

state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is

28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between .

. . citizens of different States."  Somahkawahho has not alleged that either requirement is met here.

Thus, there is no basis for the Court's jurisdiction over any such claims.  Accordingly, the Court

will dismiss any state law claims for lack of subject matter jurisdiction without prejudice to

Somahkawahho pursuing those claims in state court.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Somahkawahho leave to proceed *in forma*

*pauperis* and will dismiss Somahkawahho's Complaint for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  Somahkawahho's claim for injunctive relief is dismissed without

prejudice to him pursuing that claim in a *habeas* petition.  Somahkawahho's damages claim

---

[8] In claims arising under § 1983, a court must provide a plaintiff with leave to amend a claim subject to dismissal unless the court finds that amendment would be futile.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008).  Because Somahkawahho has presented no allegations with respect to the City of Philadelphia, much less allegations that assert a cognizable *Monell* claim, and all of the events involving his criminal sentencing occurred in Bucks County, amendment would be futile.

pertaining to constitutional violations based on his sentencing in 2014 is dismissed with prejudice as time barred.  Somahkawahho's damages claim pertaining to constitutional violations based on his resentencing in 2017 is dismissed without prejudice to reassertion in a new civil action only in the event Somahkawahho's conviction is reversed, vacated, or otherwise invalidated.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

13